IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MATTIE SANDERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-1153-A |
| | § | |
| CITY OF FORT WORTH, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, City of Fort Worth, to dismiss. The court, having considered the motion, the response of plaintiff, Mattie Sanders, the reply, the record, and applicable authorities, finds that the motion should be granted.

I.

Plaintiff's Claims

Plaintiff originally filed her claims in the 48th Judicial District Court of Tarrant County, Texas. Defendant filed a notice of removal, bringing the action before this court, and the court ordered the parties to replead. On February 3, 2017, plaintiff filed her amended complaint.

Plaintiff alleges: She began her employment with defendant in 2005. In October 2015, Sarah Odle[1] was appointed plaintiff's supervisor. That month, plaintiff made her first complaint to

---

[1] The name is alternatively spelled "Oldle" and "Odle," with the latter spelling used most often.

human resources that Odle berated her publicly. During November and December, Odle repeated her public berating of plaintiff and plaintiff complained to human resources. Plaintiff also notified the director and several meetings followed. On November 23, 2015, plaintiff was placed on a performance improvement plan. This was the first request to improve her employment that plaintiff received during her tenure with defendant. On March 17, 2016, plaintiff received disciplinary action citing her performance. On June 14, 2016, she was notified that she was under consideration for termination due to performance. At some point, plaintiff was terminated.[2]

The only allegations contained in the amended complaint that touch on the actions of Ms. Odle are as follows:

> The Plaintiff reported the employer that: "several times in November and December, 2015, Ms. Odle again approached my desk and began to speak with me openly in the ear-shot of other staff about personal/professional issues even after she was asked in writing not to do this because it made me feel very uncomfortable, it was unprofessional, and violated my privacy expectations as an employee. Nonetheless, she continued her hostility and retaliatory conduct towards me."

> The Plaintiff also reported: "There were several occasions when Miss Odle made me feel very uncomfortable about my hairstyle in braids as an African-American she made racial comments from time to time about my hair whenever I would wear a braids which was a lot she came up and touched my hair on several

---

[2]There is not a factual allegation that plaintiff was terminated. The termination is mentioned under the causes of action section regarding retaliation.

>occasions after I ask her not to touch my hair which was very uncomfortable for me she made me feel very uncomfortable in many many occasions. Even after I explained to her that it was because of my culture she continued to badger me and made me feel very uncomfortable about my hair and make by making continuing to making comments about my braids saying that why do I wear braids even after I explain[ed] to her why".

Doc.³ 10 at 3-4, ¶¶ 14-15. (Grammatical errors in the original are too numerous to point out or correct.) Notably, these are not allegations of fact, but only that plaintiff made certain reports.

Plaintiff asserts claims for hostile work environment, retaliation, and violation of the Texas Labor Code.

## II.

## Grounds of the Motion

Defendant maintains that plaintiff has not alleged sufficient facts to state a claim under Title VII or the Texas Labor Code, which applies the same standard. And, punitive damages may not be imposed against defendant.

## III.

## Applicable Pleading Requirements

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement

---

³The "Doc. __" reference is to the number of the item on the docket in this action.

of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not

4

shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

IV.

Analysis

A. Discrimination

Defendant says that plaintiff has failed to allege facts that would entitle her to relief under Title VII or the Texas Labor Code. As defendant notes, there is no need to analyze the state law claims separately as they are analyzed under the Title VII framework. Khalfani v. Balfour Beatty Communities, L.L.C., 595 F. App'x 363, 365 n.1 (5th Cir. 2014); Wallace v. Methodist Hosp. Sys., 271 F.3d 212, 219 n. 10 (5th Cir. 2001). Plaintiff does not disagree. And, she acknowledges that to avoid dismissal, she was required to plead more than "labels and conclusions" and a "formulaic recitation of the elements of a cause of action." Doc. 12 at 5.[4]

Plaintiff has not alleged direct evidence of discrimination. To make out a prima facie case of discrimination, plaintiff must

---

[4] In her summary of the argument, plaintiff says that the harassment complained of was based on sex. Doc. 12 at 2. The court assumes that plaintiff intended to say "race."

show that (1) she is a member of a protected class; (2) she was qualified for her job; (3) she was subjected to an adverse employment action; and, (4) she was treated less favorably than, similarly-situated individuals of another race, or replaced by a member of another race. Okoye v. Houston Health Science Center, 245 F.3d 507, 512-13 (5th Cir. 2001). An adverse employment action is an ultimate employment decision. Felton v. Polles, 315 F.3d 470, 486 (5th Cir. 2002). In this regard, the court would be speculating as to any claim. The only adverse employment action alleged is plaintiff's termination.[5] But, she does not allege any facts to show that the termination was based on her race. For example, she does not say whether the supervisor put any of plaintiff's colleagues on a performance improvement plan or whether anyone else was terminated or whether she was replaced by someone of another race. In fact, plaintiff does not identify any similarly situated persons. Nor does she identify the race of her supervisor or the directors (prior and current) she says she met with.

Plaintiff likewise fails to allege direct evidence of retaliation. To make out a *prima facie* case of retaliation, plaintiff must show: (1) she participated in an activity

---

[5] Plaintiff makes the conclusory allegation that defendant discriminated "in connection with compensation or the terms, conditions, or privileges of employment and adversely affected Plaintiff's status as an employee," Doc. 10 at 6, ¶ 38, but alleges no facts in support.

6

protected by Title VII; (2) defendant took an adverse employment action against her; and, (3) a causal connection exists between the protected activity and the materially adverse action. <u>Aryain v. Wal-Mart Stores Tex. L.P.</u>, 534 F.3d 473, 484 (5th Cir. 2008). As defendant notes, engaging in protected activity means opposing a practice made unlawful by Title VII or demonstrating a good faith belief that Title VII was violated by the defendant. <u>Wilson v. Univ. of Tex. Health Ctr.</u>, 973 F.2d 1263, 1267 (5th Cir. 1992). Complaining about something that is not an unlawful employment practice is not sufficient. <u>Rose v. Upshur County</u>, No. 6:11cv263, 2012 WL 2088663, at *3 (E.D. Tex. June 8, 2012)(no retaliation claim where plaintiff complained about other employees who had made comments of a sexual nature about his wife). Here, plaintiff says she complained to human resources "regarding the behavior alleging that the supervisor berated her publicly." Doc. 10 at 2, ¶¶ 8. 10. The public berating is described in paragraph 14 of the amended complaint, which is that her supervisor would speak with her in ear-shot of other staff about personal/professional issues. But there is no reason to believe that complaining about this berating would be a protected activity.

Finally, plaintiff alleges that she was subjected to a hostile work environment. To support such a claim, plaintiff must

7

show: (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. Ramsey v. Henderson, 286 F.3d 264, 268 (5th Cir. 2002). To affect a term, condition, or privilege of employment, the conduct must be so extreme and pervasive as to amount to a change in terms or conditions of employment. Faragher v. City of Boca Raton, 524 U.S. 775, 799 (1998). The court considers the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or merely an offensive utterance, and whether it unreasonably interferes with the employee's work performance. Ramsey, 286 F.3d at 268.

Here, plaintiff simply recites in a conclusory manner the elements of a hostile work environment claim. The only factual allegations she makes are with regard to the "public berating" and that her supervisor made her feel uncomfortable when she wore braids. These are the only alleged instances of bad conduct. Plaintiff clearly says that the berating "violated [her] privacy expectations as an employee." Doc. 10 at 3, ¶ 14. There is no hint that the "personal/professional issues" discussed had

8

anything to do with race. See Askew v. Raytheon Co., No. 3:13-CV-4220-G, 2014 WL 1567916, at *3-4 (N.D. Tex. Apr. 17, 2014)(dismissal appropriate where plaintiff failed to allege connection between being berated and his race). As for her hair, plaintiff says that she felt uncomfortable because her supervisor touched her hair. Doc. 10 at 3, ¶ 15. She also felt uncomfortable because the supervisor asked why she wore her hair the way she did. Id. Touching someone's hair and commenting on how it is styled may be offensive, but not necessarily based on race. But even if the court were to assume that the supervisor's conduct was based on plaintiff's race, the facts alleged here do not amount to the kind of extremely serious conduct that gives rise to a hostile environment case. See Faragher, 524 U.S. at 788; Hockman v. Westward Commnities, L.L.C., 407 F.3d 317, 326 (5th Cir. 2004)(citing examples of what is sufficient to allege a claim); Gonzalez v. Geren, No. 3:07-CV-242-KC, 2009 WL 522935, at *12-13 (W.D. Tex. Jan. 12, 2009)(citing examples of behavior insufficient to state a claim). Accordingly, dismissal is appropriate. Stone v. La. Dept. of Revenue, 590 F. App'x 332, 540-41 (5th Cir. 2014).

B. Punitive Damages

Defendant points out that plaintiff cannot, in any event, recover punitive damages from it. See City of Newport v Fact

9

Concerts, Inc., 453 U.S. 247, 271 (1981). Plaintiff does not respond to this ground, apparently agreeing with defendant's analysis.

V.

Order

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that plaintiff's claims be, and are hereby, dismissed.

SIGNED March 23, 2017.

JOHN McBRYDE
United States District Judge

10